The next matter is Sturgis and Messina v. Niner. May it please the Court, I'm Stephen R. Niner. I'm the appellant in this case, the trustee, and I'm also the attorney to the trustee. Good. Good morning. Good afternoon. Thank you. And I'm reserving five minutes for rebuttal. Fine. Your Honors, in this case we confront issues of due process procedure policy that are critical to the fair and efficient functioning of the clear and orderly scheme under which bankruptcy exemptions are claimed, fixed and determined. That procedure is one the Supreme Court instructs us must be strictly complied with. We're also going to confront again, as did this Court in Cybergenics, the distinct and special status of avoidance recoveries under the Bankruptcy Code and under 70 years of bankruptcy jurisprudence. I'm going to focus most of my attention on, I think, what is an important key issue, which is the due process issue of identification of the exempt asset. And I think that's the central point. The arguments of policy about when the exemption period applies, when it will be coming in, I think are only predicated if that issue isn't reached. Well, Bob, and we have different, and you're going to address the schedules that were. I'm sorry? The notations on the various schedules. Yes. I'm not sure what you. Well, A, D, and F. Oh, yes. The two mortgages were addressed in two different schedules, not in the same schedule. Yes. Well, I think the starting point in the whole process, of course, is the filing of a schedule of claims of exemption as required under Section 522L. It is that schedule that determines what assets are claimed as exempt. Now, in this case, the debtor did claim an exemption in their property rights and their homestead exemption, and they did list the value of that property at $230,000, and they listed a single mortgage, but not the second mortgage. But there was never actually any claim of any avoidance recovery as exempt. What the debtors did was to disclose that there was a possible basis for avoidance of the second mortgage, which wasn't listed in the schedules, namely the National Penn Bank mortgage. Was that void as a result of state law, that mortgage? It was. Well, yeah. That's the point that the debtors made below. It is void, but only as to parties standing in the status of a trustee. Well, it's void only as to... I have the statute somewhere. Only as to... Does it say parties standing in the trustee as to purchasers? Yes. As to certain purchasers? Lien holders and bona fide purchasers for value. And where does the trustee stand in that? The trustee has precisely that status... Which one? ...under Section 544A. But which status? Is it a purchaser? I didn't know exactly where the trustee fits in. It could be either or, but in this case... Either or which? Well, the trustee has both the powers of a levying lien creditor without actual notice as of the petition date, and a bona fide purchaser for value. Now, in the case of real estate, the bona fide purchaser for value is actually the stronger position. But either way, the argument below was that automatically the debtors, who before the bankruptcy had no rights to invalidate that mortgage or avoid paying it, suddenly when the bankruptcy is filed, their argument is that it's automatically void, focusing on the word void. Let's assume that were the case, and I think we've shown it isn't. If it were void, it's only void because the trustee exercises those voiding powers under Section 544A. And Section 551 says if that's the case, automatically, if it's automatically void, it's automatically preserved for the estate. So the argument the debtors are making falls apart. Their argument being it's ours because it was automatically void, not voidable. Well, I think that's probably a misreading of the statute because the New Jersey statute reserves the void to only people in the status of a bona fide purchaser for value or a levying lien creditor. But even accepting their argument, the fact is that the only way that mortgage is void is by the exercise of voiding powers. And 551 makes very clear that those voiding powers come into the estate for the benefit of the trustee. And that's what cybergenics teaches us. This court was very correct that debtors do not enjoy the rights of creditors to void invalid mortgages. So that's where we get to the point that I think ultimately this case turns on, which is that the debtors never enjoyed the right to acquire equity in their home because of the mortgage, whether it's void or voidable. If it's void, it's automatically brought into the estate for the benefit of creditors. If it's voidable, of course, the trustee has to void it. Now, of course, under New Jersey law, the mortgage is still... The trustee didn't void it, though, right? I'm sorry? The trustee didn't void it. The trustee did... The trustee... The trustee voided the mortgage and under bankruptcy statute, under the bankruptcy code, voiding doesn't remove the mortgage as a lien. It simply changes ownership. So that was the point we made in the bankruptcy court, is that voiding the mortgage is not cancellation of the mortgage. It certainly is to the debtors. What happens is the trustee, under Section 551, acquires all the rights of that mortgage. Now, what were those rights? Those were the rights, essentially, to... If the mortgage was void as to junior lien holders, then, of course, you have to pay the junior lien holders. And, in fact, in this case, I did pay junior lien holders. Paid $113,000. Well, it's actually more than that. I did want to tell the court exactly what the numbers were, because I had to pay Litton Loan Servicing, which was the second mortgage before I voided the National Penn Bank mortgage, which was the first in line. How did you void the Penn... That was through the adversary proceeding? Yes. By the adversary proceeding, I said, essentially, look, I'm a bona fide purchaser of value. Your mortgage is not valid as to me. So, therefore, I want your mortgage rights. And not only is that automatic, but in the order that the court entered, on notice to the debtor, as I had pointed out, that mortgage was specifically assigned to me. I got all the rights the National Penn Bank mortgage had. They didn't have any rights as to Litton Loan Servicing. They didn't have any rights as to a levying lien creditor, WMGM Bank. So, I basically had to pay off those liens. But what I retained for the estate and for the creditors was the right to say to the debtors, I'm still ahead of you. And that was the whole point that when this process got done, I went into court, and at that point, having read the Connell BAP decision, I was aware that this was an issue, so that's where we raised the issue of due process and the exemption. But up to that point, I think, quite rightly, I assumed, and I think correctly, that there was no valid claim of exemption in the avoided mortgage. I was taking that for the estate. And as such, I still stepped ahead of the debtors. The debtors had a house when they filed, which had two mortgages on it. As to them, maybe not as to the junior lien holders, they still had two liens. And what happened, essentially, was that what was left for the estate, what was the value of that mortgage, the National Penn Bank mortgage? Well, I started with $200,209. I paid lit and loan servicing, $127,786. Part of that, by agreement, went to National Penn Bank. They split the proceeds. Yeah, what was the trustee settlement with National Penn? The settlement with National Penn, well, it wasn't a settlement with National Penn Bank. National Penn Bank said, we agree, we don't have a valid mortgage as to you. But in order to settle the case, they went to lit and loan servicing and said, look, to make this go away, we want some of your proceeds. And by the way, this is right in the consent order laid out in very specific detail. So essentially, National Penn. And the adversary proceeded. Yes, yes. Go ahead. The consent order says, okay, lit and loan servicing is entitled to $127,786. And there was also, by the way, another $6,638, which was in dispute. But either way, they said, fine, lit and gets $111,000. And we'll give $16,000 in change to National Penn Bank. For what? Why did you give them $111,000? I didn't give that to them. That was essentially their deal, so this whole thing would be settled that way. But didn't you settle with National Penn? I settled with National Penn. Who settled this? Who was the adversary proceeding? The adversary proceeding, again, was to determine the validity, priority, and extent of National Penn Bank and lit and loan servicing. Okay. So the settlement with National Penn. Who was the settlement? Yeah, I'm just figuring out. Who gave National Penn $16,000 and why, if that mortgage was never attested to in the way that state law requires? Your Honor, that was between counsel for the two parties. Like everything else, they gave me what I wanted, which was National Penn Bank doesn't have a lien. I said to them, essentially, in essence, you guys split up the proceeds any way you want. I'm fine with it. I don't care. And essentially, Litton and National Penn Bank basically cut their deal. But as far as I was concerned, I had the National Penn Bank mortgage for the estate. And out of that, I paid another $4,000 to pay a junior. There was a TV company, there was a creditor who had actually levied pre-petition, and I couldn't avoid that lien. So I paid that. And what that left the estate for creditors was somewhere between $68,000 and $61,784, which is what I have. And the debtors want the homestead out of that. The debtors want the homestead. And my point to them is, look, all you can exempt is your ownership rights in the real estate. And you never had any right to step ahead of me and acquire for the creditors what I avoided and secured for the estate. And the 30-day objecting period only applies if there was a valid exemption. Yes. Yes. And again, as a matter of notice, and I think critical to this process, you know, it is so important that at a minimum, whatever Taylor says concerning the deemed exemption and whatever Riley says concerning the red flag notice because of Taylor, this is not that case. At the start of the process, the debtors must list, as these debtors didn't, specifically the property you're claiming is exempt. They can't claim one asset and then say, oh, we really meant another one. Thank you. If you have further questions, I'm happy to answer them. Okay, so the improper acknowledgment really doesn't figure in on that particular point. That is, even though they were claiming that the National Pen Mortgage was improperly acknowledged, they still should have listed it as an exception. Yes. Had it been acknowledged or not that it was a valid deed and, I'm sorry, it was a valid mortgage, the acknowledgment is solely for purposes of making it enforceable when recorded as to junior lien holders. As to the debtors, had they sold their house or attempted to sell their house, they would still have been bound by that mortgage whether or not it was properly acknowledged. The acknowledgment basically invalidates under New Jersey law as to a select class of which the debtors are not one. Any questions? Thank you very much. Thank you very much. Good. Mr. Kasin. Good afternoon. Good afternoon. My name is David Kasin. I'm a member of the law firm of Kasin & Kasin, and I represent the appellees Sturgios and Renee Messina. And I believed that at the time that I filed this bankruptcy petition, because of the convergence of bankruptcy law and state law, that the minute this bankruptcy was filed that the National Pen Bank mortgage was void. And therefore, there was an equity which the debtors could exempt. I base that on... When you listed the National Pen debt in appendix, in F, Exhibit F. The schedules. The schedules. Did you list the address of the property? I have the schedules here. I probably did not. Well, then how would the trustee have known that that debt, which was listed as disputed,  and therefore, how would the trustee have known to file its objection? Because I told him. And I told him... Is that in the record? Yes, it is. Where? I sent him two letters. Didn't you have a legal obligation to list it under the property? What did your letter say? I attached the two letters in an appendix, which are the two letters that are attached to my brief. They're on page D8. The first letter is dated June 14, 2006, and says to Mr. Nooner, Dear Steve, in close, please find a copy of NJS 46-17-3.1, which indicates that every mortgage shall be void and of no effect against a subsequent judgment creditor or bona fide purchaser, unless such mortgage shall be acknowledged and approved according to law. The select case comments with regard to Section 544 of the Bankruptcy Code are instructive. Please find same. The two cases that I circled seem to indicate that a trustee trumps a defective mortgage. I'm sorry. You think that failure to file that on the schedule, that this letter takes the place of the law that says you have to schedule any debts or mortgage, and that this letter takes the place of that? I told them at the meeting of creditors. I told them in these two letters. What does the law say with respect to what you have to put in your schedule? I mean, these personal things are fine, but what does the bankruptcy law require? I can't answer that. What do you mean you're a bankruptcy lawyer? I am a bankruptcy lawyer. It happens all the time. I don't know, but here you say he didn't file his objection to the Homestead exemption within the 30 days, and the question is what was on record that he had to file that for? He even admits it in his papers that he understood exactly what I was doing. I can cite it to portions of his brief. Under the law, what were you required to list in those schedules? I think that the schedules were correct, because I listed the debt to National Penn Bank as an unsecured debt under Schedule M. And why didn't you say that that's a mortgage? Why didn't you say that's a purported mortgage that covers the property at this address? You never did that. I didn't say it specifically in the schedules, but I told him at the meeting of creditors, and I told him in these two letters. And it was on my advice that he acted to file the adversary proceeding. I don't think he had to go exactly in that direction procedurally, because my opinion is that this mortgage was void by virtue of New Jersey state law, which says it's void if there's an ineffective acknowledgment. It doesn't say it's voidable. It says it's void. It says it's void as to certain class of... Yes, it says it's void as to a subsequent bona fide purchaser, which the trustee becomes the minute that a bankruptcy is filed. And what happens is that that creates property of the estate that is subject to being exempted. And that's exactly what I did. I exempted that property of the estate. I exempted it on Schedule C, and he knew I exempted it, and he failed to object. And the Supreme Court says very clearly that if you fail to object timely, even if you don't have a colorable reason for objecting, it's too bad. You lose as the trustee. That's what our Supreme Court said. I assume that if our Supreme Court said it, they meant it. And that's what I'm basing my argument on. That and the fact that this mortgage was void, not voidable, as of the exact time that the petition was filed. And I think it makes a big difference. Do we know that to be erroneous now? No, I don't think it's erroneous at all. I don't think it's erroneous at all. I still think it's void. All right. And if you're correct on that, then by listing the $230,000 home with the homestead exemption with one mortgage, then you were quite accurate in what you put in. You're right. You're exactly right. And I think that's the case. As I understand it then, Mr. Cason, you have two arguments. One, you were correct in what you put in the schedules, and he failed to object. And under Taylor and under Riley, he loses. Or alternatively, let's assume for a minute you were incorrect regarding the fact that it was void. You still win because in Taylor, the law firm that listed the personal injury lawsuit made a mistake, but it still got the benefit of its mistake because of the trustee's failure to object. Exactly. Exactly. Anything else? I didn't mean to cut your argument. No. You understand my argument. I'm glad that you understand it. So you're telling us that when you get up before the meeting of the creditors and you said to them there's a mortgage on this property, that that takes the place of listing it as a scheduled property? I'm saying that if the trustee had knowledge at the meeting of creditors, whether it's by me scheduling it initially or amending the schedules, or by telling him when he has that knowledge, that what he's reacting to is not the scheduling of the mortgage. He's reacting to, and what he has to react to, is the exemption. There is nothing wrong with the exemption. And if he had a problem with the exemption, if he had any problem with the exemption under Taylor, he's got to object within a certain timeframe. Now what case can you cite us to that says that telling the trustee personally that there's – I don't even read the letter. I can't because that was – Excuse me. I did not finish my question. I'm sorry. What case can you point us to that says that you can avoid the obligation to schedule all debts, mortgages, et cetera, with the identification of them by just telling the trustee personally, sending him a copy of the New Jersey statute? Give us a case. Today I can't because it was never raised as an issue in the bankruptcy court. It was never raised as an issue in the district court, and it was never raised as an issue in the briefs. It was only raised right now. So if you want me to go back and check, I will. But today, right this minute, I can't give you an answer. Are we putting trustees in an untenable position? As I read Taylor and Riley, let's talk about Riley by our court. As I recall the facts, they list certain property, personality, equipment on the schedule, but it's fairly grossly undervalued, right? Maybe by 30% or 40% it's undervalued. And the trustee does not object, presumably because of the valuation. Right. And then the trustee finds out late in the game, wow, this property is worth a lot more than the debtor said. It seems like that's pretty unfair to the trustee, and we held, hey, the rule is strict, 30 days. I guess my takeaway from Riley and Taylor is trustees almost have to object automatically, reflexively to these schedules all the time. Is that what those two precedents are relying on? Well, I think that Riley and Taylor said that there's an alternative, that you can ask for an extension of time to object. But do we really want bankruptcy trustees to be put in the position of reflexively in every case having to ask for that extension because there's some likelihood, either through craftiness or through inadvertence, that debtors would either undervalue their exemptions or improperly list their exemptions. Or fail to list them. Right, fail to list them. Well, I mean, this was ruled on by this court, and it was ruled on by the United States Supreme Court. And they said the rule may be harsh, but that's the rule. And you can't always attribute bad motives to the debtor. In this case, I mean, I truly believe that when I exempted this, there was equity because of this situation. How did you exempt it? When you say you exempted it, where and how? On Schedule C. What does it say? It says real property, 251 Weymouth Road, Mullica Township, New Jersey, 08215. And then it says below that, this is for description of property. Husband has legal interest, wife has equitable interest. Okay. Then it says specify law providing each exemption. And I put down 11 U.S.C. Section 522D1, value of exemption claim, $36,900. Okay, that's the Homestead exemption. Yeah, and that's what I claimed. Okay. And where did you list the pen, national pen? Schedule F. As an unsecured debt. On Schedule F. On Schedule F because I believed it to be unsecured by virtue of New Jersey state law. And did you say what the debt was ostensibly for? Did it say mortgage on property? No, it didn't. Well, then how would the trustee have known? We're getting back to the same point. That's right. And you tell us that notwithstanding the requirement to list it, the fact that you sent him a copy of the statute. I don't think I have a requirement to list it. All right. Well, then that's the legal issue before us. And if there's a mortgage that you think is void, you don't have to list it. No, I listed it as an unsecured debt. But you didn't say it was a mortgage. Not in the schedules. I did not say in the schedules. But I did say to the trustee. You didn't even list it as property. It could have been a debt for a car rather than a debt on a piece of property. And that's why I was the one that told the trustee about the invalid— Yeah, but don't you have an obligation under the law to list it honestly as it is? No, I don't think I do. All right. Well, then that's the legal issue. Honestly, I honestly believed what I put down or I would have put it down. Nobody's questioning your honesty. The question is the effect. Well, the effect was that the trustee knew. And I think that's the point. Tell us—explain that again. That the trustee knew? Yes. Because I told the trustee in the letters and at the meeting of creditors that the mortgage was void as of the time of the filing of the petition because of New Jersey state law. And I even cited the statute to them. Had you not—had these exchanges not taken place, would the trustee have been on sufficient notice to know to take an action? Had they not taken place? Yeah. I probably wouldn't have, but they did take place. Well, and your letters were sent to him before the 30 days for him to object had expired. Yes. Yeah. I'm trying to remember the exact date of the meeting of creditors as compared to the letters. But they were very close in time. But before the 30 days. Yes. When he filed his adversary proceeding pretty soon after the expiration of the 30 days. The 30 days expired on June 26th, and he filed the adversary proceeding on July 5th, according to my notes. July 5th is when he filed it. So obviously he knew about the problem with the potential voidability or voidness of the mortgage by the time he filed the adversary proceeding on July 5th. Yes, absolutely, because the letters and the meeting of creditors were prior to that. I'm reading the two letters that you sent to the trustee on notice. And the first letter just says, here's a copy of the statute, which indicates every mortgage shall be void and effective. It doesn't say anything about the Penn National Mortgage. Never identified. Well, that's what it was referred to. Well, it doesn't say it doesn't. No, it doesn't say that. And the second letter, which is the letter of June 21, that says, now that does mention the Penn Bank mortgage. Yes, it does. And it says what the statute says. Yes, it does. And I can tell you that I told that to the trustee at the meeting of creditors. What you told is not on the record. I wasn't trying to surprise him here. But you didn't list it as a mortgage. No, I can't say that I did. Well, you didn't. That's a fact. You can't say what isn't said. That is true. And you didn't list it with an address of the property. You didn't say what the debt was. No, I didn't. To this day, you still don't believe it's a debt because it was void. Well, I don't think it's a secure debt. I think it's an unsecured debt. You listed it as an unsecured debt. I think it's an unsecured debt because that's exactly right. But it wasn't void as against the debtor under the statute. But you're missing the point there. Well, wait a minute. Answer my question. Is it right that it wasn't void as against the debtor? That only applies pre-petition. As soon as the bankruptcy is filed, there's a subsequent bona fide purchaser. And it's void as to the subsequent bona fide purchaser, the trustee. When it becomes void as to the subsequent bona fide purchaser, there's an equity created. And that equity is what I exempted. I don't have anything else. Good. Anything else you have? No. Thank you, Mr. Casey. Thank you. Mr. Niner. Thank you, Your Honors. Now, there was never any question that I had noticed that this mortgage was voidable by me as trustee. That's not the issue before the court. Section 522L is clear and simple. And it's direct. And it was met in Taylor. And it was met in Riley. It requires that the debtor place on Schedule C a listing of property claimed as exempt. And only the property listed on Schedule C is exempt if there's no objection. The fact that the debtor, like many debtors, says, oh, I have an avoidable recovery. The fact that this mortgage is avoidable or that mortgage is avoidable is beside the point. The debtors indeed have an obligation to be truthful and to disclose these things. And many times as a trustee, I have debtors who tell me, oh, I have a preferential transfer, or this mortgage wasn't valid, or that wasn't valid. Mr. Cason seems to equate telling me indirectly or directly that this mortgage is voidable as putting me on notice that he was also claiming whatever I might recover as exempt. And that's the fundamental fallacy. He had the obligation not just to list the residence as exempt, which clearly he had the right to exempt, but also to list the separate asset, which is this avoidance recovery, as exempt also. It is a separate asset. Well, how do we know that? He stood up there a minute ago and said he continues to believe that his position is accurate, that it was void. And I understand you to be saying he's wrong on that. Well, first of all, it's void. It's not void as to the debtors, number one. Number two, as I've indicated previously, it doesn't create equity for the debtors. Third, it is a separate asset. In cybergenics, this Court made very clear that debtors do not own avoidance recoveries. They belong to their creditors. It was up to Mr. Kaysen to list in Schedule B and Schedule C avoidable mortgage, possible avoidance recovery, and to list in Schedule C that he was claiming that as exempt. But I'm sorry, I'm getting confused. Okay, maybe I can help. I'm sorry. I thought he listed on Schedule C a homestead exemption in the amount of $36,000. Yes, he did. And isn't that what his clients were awarded, $36,000? Yes, but the point was the homesteading. Let me just stop. I'm sorry. I'll give you a chance to explain. No, I'm sorry. I want to make sure I understand this. He puts the exemption on Schedule C, and it's $36,000, and you don't object. Because there's no basis to object. Just like the trustee in the Riley case when Nadeja Riley undervalued her property by 40%. There was no basis to object. But then when the property was sold, the trustee, I think, quite rightly said, Well, wait a minute. If I had known this, I would have objected. If you had known, you would have objected. Is that where we are? No, Your Honor. There is a fundamental distinction. Because in Riley, the asset was clearly identified as such. Well, here the homestead exemption was clearly identified. Yes, but the problem is, and the problem below, was that the homestead, which is the debtor's bundle of rights to the equity in their home, which was nonexistent, that's one asset. The avoidance recovery is a separate asset. Well, wait. Again, I'm sorry, but why? What the trustee wanted in Riley wasn't the full value of the equipment. He or she wanted the extra $6,000, above and beyond what was claimed as the exemption. Here, aren't you seeking the same thing? No, no. Because there, you were dealing with an asset, some equipment. It was identified as such. It was listed in the schedules at a stated value, and the trustee was on notice of what was being claimed as exempt. It was an asset, a specific asset. Here, the debtors did not meet the requirement of identifying the asset that they were claiming as exempt. They identified their homestead, which is not the same as the mortgage or the avoidance recovery, which belongs to the estate under a host of provisions of the Bankruptcy Code. What Mr. Kaysen believed was that the two were equated, and he was wrong. And what I want to point out is that that's a critical and fundamental distinction. The first part of this process of exemption evaluation has to be a listing of the specific asset on Schedule C. Now, you can't list one asset, thinking it means another, and then expect that that triggers the requirement that trustees or creditors look at that. How much was the avoidance action worth? The avoidance action was worth, at the end of the day, $68,000. But they weren't awarded. I would agree with everything you've just said. If they were awarded $68,000, then the asset is the avoidance action. That's not what they got. They got the $36,000 for the homestead exemption, which is specifically what they put on Schedule C. Now, the reason they were able to get the $36,000 was because of the side activity with the avoidance action. But that's just like in Riley. The debtor got the extra $6,000 because of the side action involving the sale of the equipment. But this is not an issue of the value of that exemption. That exemption, under this Court's principle, this Court's site that we've cited the cases in our brief, the debtors only owned the bundle of rights they had. They can't exempt other property they don't have. They didn't own the avoidance recovery. They can't claim one asset, namely the residence, which has equity or non-equity in this case, because there was two valid mortgages of record, neither of which could be avoided by the debtors. Well, but that presumes the homestead exemption was invalid, though. No. The homestead exemption could be completely valid. And I agree that it's completely valid. My whole point here was that the debtors, by claiming the homestead exemption, did not also put me on notice and never put me on notice that they were claiming the avoidance recovery, which is... Is that really what they're claiming? That's under 522, the avoidance recovery? Yes. Except, how can they claim that because that applies under... 522G? Only if the transfer was not a voluntary transfer. Yes. Here it was a voluntary transfer. Yes, and that's precisely the point, because precisely the point that I think Judge Burns understood, and that is that claiming the one asset as exempt, the residence, and the bundle of rights the debtors own in that residence, is not the same as claiming the other. Had they put in somewhere, for example, under Schedule B, invalid mortgage and value of invalid mortgage, which is what they were required to do, or on Schedule C, had they listed National Penn Bank mortgage recovery, that would have been fine. And even as Judge Burns pointed out, even if in claiming the exemption on the residence they had listed 522G, there would have been some basis of record, which is what they're required to do, to list and describe on a list the specific asset they claimed as exempt. Why didn't the second letter put you on notice? Because it does talk about the National Penn situation. All I was ever put on notice was that this mortgage was voidable by me as trustee. And by the way, that's not the same as saying, by the way, when you avoid it, I want it, it belongs to me. Well, is there any other reason for his stating it to you? Well, he has an obligation to inform me and inform me about potential avoidance recoveries. It's safe to say he was representing his clients. Yes. He's not providing humanitarian service to the trustees. That's correct. But here's the other thing I want to point out that's important. Section 522L sets forth an objective standard, and it's very, very important for the proper functioning of this process. Whatever you say about what happens once you objectively list a specific asset on Schedule C as exempt, as they did in Taylor, correctly, as they did in Glenda. It was a bad exemption. It never should have been put there. Yes, but the asset was listed. It was identified properly. Here, the asset in question, the avoidance recovery, was never identified on the list filed with the court. On Schedule C. My point is that that's an objective standard. It says, fine, before anyone has to claim and object, start the process of objection, it's got to be listed on Schedule C. Had they listed any mention of this avoidance recovery, any mention of 522G, I would have immediately objected. But without any notice that they were claiming this as exempt, I don't have an obligation to object to something which hasn't been claimed. What should we do with this June 21st letter? That's the one that tells you that the maker of the instrument didn't appear before the officer was claimed. Yes, but here again, I'm getting to the point. That's not in the record. I mean, it's just attached to his brief, which of course is not in the record. It is, and it's immaterial, because telling me that the mortgage is voidable by me as trustee, or void, doesn't mean the same as claiming it as exempt. Claiming not only is it voidable, but it belongs to me. Mr. Kaysen subjectively believed that he thought the two were the same, but that's not the point. It's not a subjective standard. That what two were the same? That the ownership rights in the residence and the avoidance recovery, the mortgage, were one and the same. I mean, clearly there's case law we've cited that show they are very different, and they're very different. Congress has long indicated that an avoidance recovery is not the same as the underlying asset, and it is so unusual. You know, there are some cases where it might be a close case, where an asset is listed one way, and you could argue that maybe — Say we agree with you on that, but didn't you know that once you avoided the Penn mortgage, didn't it necessarily follow that the Homestead exemption then would be worth something, even though under the prior scenario it wasn't worth it? No, it did not. Why? Because the Homestead exemption was not enhanced by my avoidance recovery. The second mortgage, which — What enhanced it? What happened to cause the Homestead exemption? You didn't object to the Homestead exemption, I presume, because it was immaterial. They weren't going to get anything out of it. Yes, that was — What happened to change things so that they were entitled to $36,000? It never happened, because that was the whole point. But Judge said it happened. No, Judge Burns made very clear that, in fact, debtors never, in fact, exempted the Homestead — the avoidance recovery. And my whole point when I filed my motion six days after I brought that asset into the estate was that they never had any equity to begin with. They never had any equity later. My avoidance recovery simply meant that the mortgage changed hands. Why did you have to object to it at all, then? Well, the purpose of my filing the motion — that's a very good question. The reason I filed the motion was because having read, become aware of the Connell BAP decision and some of the other cases, I realized this had to be put to the rest right away. It had to be addressed. But that doesn't mean that by filing the motion to value their exemption as zero, to say I still have priority over the debtors, that I necessarily had to object earlier. And even if there is an issue of no notice, the other part of this — and I think that we've pointed out the policy issues — there's a real problem when you take avoidance recoveries, which are treated as a sacrosanct, special type of asset, separate and apart, and not to be benefiting debtors. That, when you start saying that debtors can claim these exemptions, if they're going to claim an exemption in avoidance recovery, they have to do it very clearly and very specifically. Does it have to be done when the schedules are filed? It has to be done. Can it be done subsequently? Yes, it can be done, but it has to be done on Schedule C. 522L says — No, what happens after you file the report? If you look at the February — I'm sorry, at the June 21st letter, if Mr. Kaysen had been more specific in reference data and said I'm taking an exemption, would that have been sufficient? Well, had he told me that he was claiming this is exempt for the debtors, then I would have certainly got on notice, and it would have been imprudent for me not to raise the objection at that time.  Let's stop with the imprudent. If you had not taken an objection within the 30-day period, would you be out of luck if he had put you on notice in the letter? That's unclear. I can tell you this much. The Supreme Court in Taylor had a situation where the debtor, the trustee, apparently aware, because there was never any dispute in Taylor about the debtor claiming a 100% exemption. For some reason, this was assumed all along. But the trustee, instead of filing an objection to that exemption, simply wrote to the debtors and said, hey, I'm claiming this for the estate. I would say the converse is also true, that if the debtors don't meet their requirement of filing with the court, as Section 522L makes very clear, a list of the assets they're claiming is exempt. Then they do not get the benefit. So it has to be on the schedule or an amended schedule. It can't be done by means of a letter to the trustee. Yes, that's my position. But that said, I wouldn't want to take the risk, once I'm put on notice, as never happened in this case until the cross-motion was filed, that once I'm on notice they're claiming it as exempt, I want to act on that. Whether or not it's in the schedules, I don't want to take the chance. I was very familiar from long experience with Section 522G and very familiar with Section 551. Had there been the slightest indication to me that the debtors were claiming what I would recover as exempt, then I would have said, I object. And I think the important thing, the final point I would make on this, is that it's very dangerous to extrapolate Taylor and Riley, where the asset was identified, to this kind of situation. After all, we have to start with an objective initial filing by the debtors saying, these are the assets I claim as exempt. If you start doing as Mr. Kaysen would like you to do, start looking at this objectively, well, I really meant, this is what I intended. Well, I don't see that. I mean, he was responding to a question that we posed to him. He seemed to me to be planes flying at different altitudes here. His argument is, I claimed a homestead exemption, $36,000. Correct. You didn't object. They paid me $36,000. And you're telling us, no, they're not seeking a homestead exemption. What they're really seeking is my avoidance action. They're claiming, and they claimed for the first time, to my knowledge, in their cross motion, that their exemption of the homestead really meant the equity that would be recovered from the avoidance recovery. This was after I had pursued that action and I had recovered it under Section 551, not for their benefit, but for the benefit of the estate. And my whole point was that Mr. Kaysen assumed, apparently, that his homestead exemption would be enhanced by my avoidance recovery. And as I pointed out thoroughly, I think, in our briefs, and I hopefully explained it today, that the avoidance recovery does not enhance that homestead exemption. The homestead exemption is zero on the date the petition was filed because there were two valid mortgages that the debtors would have to pay off. And when the National Penn Bank mortgage was avoided, it wasn't avoided as to them, only as to the junior lien holders. I acquired all those rights, which meant I still am ahead of the debtors. If the debtors had listed, as an asset, funds recovered, or what they were claiming, the exemption from funds recovered as a result of the trustee's avoidance action, would the 30-day limit be applicable? Absolutely. Because there, it's been listed on the Act, listed on Schedule C, I'm on notice, and other creditors and parties are on notice, and there were other creditors and parties interested in this. I was... Good. We understand your question. Yes. Thank you. Thank you, Mr. Nunez. Thank you. Good. Thank you, counsel. Thank you. Good. The case was well argued. We understand the issues. Take the matter under advisement. Thank you. Judge Rye? Did you think you might take the argument, the transcript of this? Would you like that? I don't know. What do you want? Yeah. Do you want a transcript? Yeah. Gentlemen, we'd like a transcript made of this oral argument to help us in deciding the case. And we'd ask that you share the costs. If you would, please check in with the clerk's office. We'll tell you how to do this. Thank you very much. Thank you. Thank you.